No. 8799.

## THE MAYOR AND COUNCIL OF ALEXANDRIA VS. JOHN A. WILLIAMS ET AL.

A town councilman, who became a justice of the peace, is not recusable in a case wherein the legal composition of the Council, or the validity of its ordinances passed while he was a member thereof, is contested.

The payment of taxes of whatever kind cannot be enforced by suit since the Constitution of 1879 became operative through the legislation thereunder upon that subject.

A PPEAL from the Justice Court, Alexandria Ward, Parish of Rapides. *Whittington, J.*

*Jno. C. Ryan* for Plaintiff and Appellee:

1. Art. 338 C. P. gives the causes of recusation of Judges, and applies to justices of the peace as well as other Judges. Justice Whittington was not disqualified from any of the causes mentioned in said Article.
2. Art. 210 of the Constitution is not self-operative, and has not been made operative as regards municipalities. 34 An. 733.
3. Act 119, p. 167 of Acts 1882, is not imperative, but simply leaves it to the option of political corporations.
4. Section 9 of the Charter of Alexandria, Act 111 of Acts of 1868, gives the Council power to authorize its collectors to collect the tax in any manner they (the Council) may determine. The Council acting under this had authorized them to collect by suit.
5. The office of Councilman is not such an office as contemplated by the Constitution. 25 An. 140; 15 An. 598; 5 An. 155.
6. The corporation of Alexandria has the right to collect taxes on merchandise; its Charter gives it; also the Constitution. Sec. 10 of the Charter of Alexandria; Act 111 of Acts of 1868; Constitution Arts. 207 and 218.
7. The defendant has not shown that the money collected for the engine has been used for any other purpose; even if it has, it has been returned to the engine fund.
8. Sec. 18 of the Charter of Alexandria does not mean that all by-laws and ordinances must be published ten days successively, but that they are not promulgated until ten days after publication, one publication is sufficient. 25 An. 391.
9. Nor does it mean that all the by-laws and ordinances must be published, if there is no daily paper, as often as the weekly paper comes out. Art R. C. C. 1117 applies to notices of application to be appointed curators of successions. 29 An. 210.

*Robt. P. Hunter* and *A. J. Hertzog* for Defendants and Appellants:

Articles 210 and 218 of the Constitution of 1879 prohibit suits by municipal corporations for taxes. Act No. 119 of the Acts of 1882, is the enabling legislation to carry those Articles into effect. So, also, is Act 96 of the Acts of 1882.

The Charter of the Town of Alexandria does not permit it to levy both a license and a tax on personal property. "Section 10 of the Charter." Acts of 1868, No. 111.

Municipal corporations in this State are required to pursue the same course in the collection of taxes, as the State and parish.

Town ordinances of Alexandria are required to be published for ten days. Section 18 of the Charter.

"No rule is better settled than that charters of incorporations are to be strictly construed against the corporators." 34 An. No. 5, p. 429; 3 An. 294.

'Laws giving municipal corporations the right of taxation are a delegation of sovereign power, and should be construed strictly." 9 An. 368.

"The presumption being that the new law is better than the old, and intended to remedy some existing mischief, courts should apply it to all cases occurring after its promulgation,

unless its application impair the obligation of a contract, or endanger good order by destroying well founded expectations under prior laws." 2 An. 613.

"In interpreting a statute, regard should be had to the mischief it was intended to remedy." C. C. 18 ; 6 An. 386 ; 9 An. 165 ; 12 An. 777.

"A remedial statute must be so construed as to correct the mischief at which it is aimed. Its policy, when evident, must be respected and enforced." 10 An. 11 ; 12 An. 154.

"An interpretation which would defeat the object of a statute is inadmissible." 12 An. 835.

The opinion of the Court was delivered by

MANNING, J. This suit differs from that of the same plaintiff against Heyman in several particulars, one of which is that the exception here made is to the capacity of the justice of the peace to sit in the cause, for the reason that he was a member of the town council that passed the ordinance imposing the taxes—in other words, the defendants recused the Judge.

This is not one of the grounds for recusation recognized by our Codes, and we know of no reason why it should be. A member of the legislature, afterwards raised to the Bench, can construe laws passed by the body of which he was a member, and consider and determine their validity. Elevation into a judicial atmosphere is supposed to free one from the disturbing influences of legislative miasmas, and there is equal reason to believe that a village councilman will divest himself of the partisan feelings of that role when he sits in the judgment-chair of a justice of the peace.

It must be noted, the ground of exception is not that he acted as councilman and assisted in passing the ordinances, the validity of which is attacked, after his qualification as justice and consequent alleged vacation of his office of councilman (a point upon which we do not pass, and which was raised only in the answer) but that having been councilman when the ordinance was passed, he could not sit as judge to determine its validity, nor to determine the question of the legal composition of that body.

Upon the exception being overruled an answer was filed, pleading in defence *inter alios* the constitutional prohibition of suit which was properly set up in the other case in an exception.

The prohibition is express and emphatic, and of such character that a court must take cognisance of, whenever pleaded, whether in the answer or by way of exception. In either way it effectually disposes of this litigation in its present form.

It is therefore ordered and decreed that the judgments of the lower court are avoided and reversed, and that each of the defendants now have judgment against the plaintiff as in case of non-suit upon the claim herein preferred, and that each recover of the plaintiff the costs of the lower court and of this appeal.